OPINION *Page 2 
{¶ 1} Defendant-appellant Joshua Eiler appeals the January 6, 2006 Judgment Entry of the New Philadelphia Municipal Court overruling his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 5, 2005, Ohio State Highway Patrol Trooper Travis Adkins observed appellant traveling at a high rate of speed in a motor vehicle. Trooper Adkins radar reading indicated appellant was traveling at 55 mph in a 45 mph area. Upon passing Trooper Adkins cruiser, appellant pulled his vehicle into a private drive and laid the driver's seat back into a horizontal position.
 {¶ 3} Trooper Adkins pulled behind appellant's vehicle noticing there appeared to be nobody visibly sitting behind the steering wheel. He then resumed patrolling the area, while maintaining visual observation of appellant's vehicle. Adkins noticed appellant's vehicle backing out of the driveway, and initiated a stop. Upon approaching appellant's vehicle, Trooper Adkins discovered appellant sitting behind the steering wheel with the seat reclined all the way back, pretending to sleep.
 {¶ 4} Trooper Adkins testified at the suppression hearing he observed a strong odor of alcohol on appellant's breath. He also noted appellant's blood shot eyes. Appellant told Trooper Adkins he consumed four beers at the Twilight Lounge, and admitted trying to evade arrest.
 {¶ 5} Trooper Adkins administered the HGN test, observing the maximum six clues, and appellant did not pass the other field sobriety tests. Appellant was cited with operating a motor vehicle while under the influence of alcohol. *Page 3 
 {¶ 6} On July 8, 2005, appellant filed a motion to suppress. Following a hearing, the magistrate denied the motion to suppress. Appellant filed objections and the trial court scheduled the matter for an oral hearing. Following a November 16, 2005 hearing, the trial court adopted the magistrate's decision via Judgment Entry of January 6, 2006.
 {¶ 7} Appellant then entered a plea of no contest to the charge. Via Judgment Entry of February 27, 2006, the trial court found appellant guilty and imposed a sentence.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT PROBABLE CAUSE EXISTED TO ARREST APPELLANT FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL."
 {¶ 10} Appellant asserts Trooper Adkins lacked probable cause to arrest him for OMVI.
 {¶ 11} Probable cause exists where the facts and circumstances within an officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a cautious person in the belief that the individual is guilty of the offense charged.Beck v. Ohio (1964), 379 U.S. 89.
 {¶ 12} Appellant was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), which states:
 {¶ 13} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply: *Page 4 
 {¶ 14} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.
 {¶ 15} Appellant asserts his speeding combined with the officer's perception of alcohol did not rise to the level of probable cause. Appellant cites the First District Court of Appeals decision inState v. Taylor (1981), 3 Ohio App.3d 197, arguing where no impaired driving is observed, the physical manifestations of alcohol consumption alone are insufficient to furnish probable cause to arrest for OMVI.
 {¶ 16} In Taylor, the First District held:
 {¶ 17} "The act of speeding at a nominal excess coupled with the arresting officers' perception of the odor of alcohol, and nothingmore, did not furnish probable cause to arrest the defendant for driving under the influence.
 {¶ 18} * * *
 {¶ 19} "We would emphasize that we have no real wish to hamper the enforcement of laws against the drunken driver, who is unarguably a real and present danger to society. If we were able to find anything in thisrecord which would have indicated the existence of some reasonableindicia of operation under the influence of alcohol, we would nothesitate to reverse the trial court's decision in suppressing the tests.However, we do not find this to be the case." (Emphasis added.)
 {¶ 20} While we agree appellant's speeding was not conclusive evidence of impaired driving, appellant's speed combined with his attempt to evade arrest and the physical manifestations of alcohol consumption, ie. a strong odor of alcohol, blood shot eyes, HGN and other field sobriety tests are sufficient indicia of appellant's impairment in driving the vehicle. *Page 5 
 {¶ 21} Accordingly, based upon the evidence presented at the suppression hearing, Trooper Adkins had sufficient probable cause to arrest appellant for OMVI, and the trial court did not err in denying appellant's motion to suppress.
 {¶ 22} The January 6, 2006 Judgment Entry of the New Philadelphia Municipal Court is affirmed
Hoffman, P.J. Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 6, 2006 Judgment Entry of the New Philadelphia Municipal Court is affirmed. Costs assessed to appellant. *Page 1