[Cite as *State v. Todd*, 2014-Ohio-4489.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B.Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 COA 005 |
| JEFFREY TODD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Municipal Court, Case No.  13 TRC 4606


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: October 9, 2014


APPEARANCES:

For Plaintiff-Appellee

THOMAS R. GILMAN
ASSISTANT PROSECUTOR
133 South Market Street
Loudonville, Ohio  44842

For Defendant-Appellant

NICHOLAS J. TESTA
DOUGLAS W. SHAW
SHAW & MILLER
555 City Park Avenue
Columbus, Ohio  43215

*Wise, J.*

{¶1}.   Appellant Jeffrey Todd appeals from the decision of the Ashland Municipal Court, which denied his motion to suppress evidence in a prosecution for operating a motor vehicle under the influence of alcohol ("OVI"). The relevant facts leading to this appeal are as follows.

{¶2}.   At about 3:50 AM on June 12, 2013, Sergeant Michael Morrison and Officer Kara Pearce of the Loudonville Police Department were on patrol in the vicinity of Main Street when they observed a 1994 Oldsmobile with a missing front Ohio license plate. They then observed the vehicle turn off the roadway into a long private driveway. The two officers, knowing the driveway led to the personal residence of a trooper for the Ohio State Highway Patrol, proceeded to follow the Oldsmobile.

{¶3}.   As Sergeant Morrison and Officer Pearce approached in their cruiser, the driver, soon identified as Appellant Todd, halted his exit of the stationary Oldsmobile and shut the car door.

{¶4}.   The officers went to appellant's Oldsmobile and asked him what was going on. Appellant replied that he had been at the "Iron Pony Saloon" and was trying to find Interstate 71, which the officers found odd based on the local road geography.  While speaking with appellant, the officers found him to have "very delayed" and "slowed" speech. Suppression Hearing Tr. at 20, 33. They also observed him to have "watery" and "red-rimmed" eyes. *Id.* at 20, 49, 55. Appellant was noted by Officer Pearce to be "very confused" about where he was and he was described by Sergeant Morrison as "very incoherent." *Id.* at 20, 50. Morrison also noted that appellant " *** had no idea of his surroundings at that point" and that he appeared to have "severe tunnel vision," by

which the officer meant that appellant had difficulty giving general answers to questions. Tr. at 49. When asked for his driver's license, appellant displayed a temporary motorcycle operator's permit, which he insisted was a valid Ohio license.

{¶5}. Officer Pearce thereafter asked appellant to get out of his car. Appellant then agreed to submit to a horizontal gaze nystagmus ("HGN") field sobriety test, which was performed by Officer Pearce. The HGN test resulted in the officer observing six out of a potential six clues. Appellant at that point refused to submit to any other field sobriety tests.

{¶6}. Appellant was placed under arrest at the scene for OVI in violation of R.C. 4511.19(A)(1)(a). On August 7, 2013, appellant filed a motion to suppress evidence. On September 9, 2013, appellant filed an addendum to the motion to suppress.

{¶7}. The trial court conducted a hearing on the motion on September 10, 2013.

{¶8}. On September 30, 2013, appellant filed a post-hearing supplemental memorandum.

{¶9}. On October 8, 2013, the trial court issued a judgment entry denying the motion to suppress.

{¶10}. The case proceeded to trial, and on January 29, 2014, the jury found appellant guilty of OVI. He was also found guilty of a front license plate violation by the trial court. He was thereupon sentenced, inter alia, to one-hundred eighty days in jail, with ninety days suspended.

{¶11}. Appellant filed a notice of appeal on February 27, 2014. He herein raises the following three Assignments of Error:

{¶12}. "I.   THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE OFFICERS LACKED REASONABLE SUSPICION TO ASK THE APPELLANT TO PERFORM THE FIELD SOBRIETY TESTS.

{¶13}. "II.   THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE RESULTS OF THE HORIZONTAL GAZE NYSTAGMUS TEST BECAUSE IT WAS NOT DONE IN SUBSTANTIAL COMPLIANCE WITH NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION (NHTSA) STANDARDS.

{¶14}. "III.   THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE ARRESTING OFFICER LACKED PROBABLE CAUSE TO ARREST THE APPELLANT FOR OVI."

I.

{¶15}. In his First Assignment of Error, appellant contends the trial court erred in failing to suppress the field sobriety testing conducted by the officers at the scene of the traffic stop. We disagree.

{¶16}. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State*

*v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N .E.2d 726. The United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

**{¶17}.** As an initial matter, we note appellant does not per se challenge the officers' initial stop of appellant's vehicle based on the missing license plate and the turn into the private driveway. Our initial task is thus to analyze the reasonableness of the officers' utilization of field sobriety testing in the context of the traffic stop at issue.

**{¶18}.** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

**{¶19}.** "A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request." *State v. Anez* (2000),108 Ohio Misc.2d 18, 26, 738 N.E.2d 491. In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking,* Butler App. No. CA2002–12–303, 2004–Ohio–90, at ¶ 8, citing *State v. Freeman* (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044.

**{¶20}.** As set forth in our recitation of facts, appellant had turned into a long private driveway at a very late hour and gave a geographically questionable explanation of his presence in the area. During the stop, he admitted to having been at an alcohol-

serving establishment, although he did not specifically admit to consuming alcohol. His eyes were watery and red around the eyelids, and his speech was slow and delayed, according to the officers. He was acting confused, particularly about the nature of a standard driver's license request, and his responses were described as incoherent. Upon review, while appellant may not have displayed all possible indicia of intoxication, we hold a reasonable basis existed for Officer Pearce to proceed with the HGN field sobriety testing under the circumstances of this case. We find no reversible error by the trial court in denying the motion to suppress in this regard.

{¶21}. Appellant's First Assignment of Error is therefore overruled.

II.

{¶22}. In his Second Assignment of Error, appellant contends the HGN field sobriety test was not conducted by Officer Pearce in substantial compliance with NHTSA standards, and should have been suppressed by the trial court.

{¶23}. Under the general rule of Crim.R. 47, a motion to suppress "shall state with particularity the grounds upon which it is made." The State's burden of proof in a motion to suppress hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided. *Johnstown v. Jugan* (Apr. 24, 1996), Licking App. No. 95CA90, 1996 WL 243805. Failure of the defendant to adequately raise the basis of his or her challenge constitutes a waiver of that issue on appeal. *See City of Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218-219, 524 N.E.2d 889.

{¶24}. In the case sub judice, appellant specifically argues that Officer Pearce gave no indication that verbal instructions for the HGN test were actually provided to

appellant at the scene, other than the officer's inquiry as to whether appellant had glasses or contacts and whether he had any head injuries. *See* Appellant's Brief at 7. However, appellant's motion to suppress had presented a different challenge to the HGN test: "In the present case the HGN was preformed (sic) with the Defendant seated on the hood of his vehicle while the officer stood at least 3 feet away. Also a second officer held a second flashlight in front of the defendant which was not kept steady and was moving." Motion to Suppress at 6. Furthermore, neither appellant's addendum to the motion to suppress (filed on the day before the suppression hearing) nor his supplemental memorandum (filed nearly three weeks after said hearing) raise any technical or NHTSA-based challenges to the adequacy of the testing procedures.

{¶25}. While appellant correctly recites that the State maintains the burden in a suppression hearing to show substantial compliance with field sobriety testing methods, we hold the limited assertion in appellant's motion to suppress in this case was insufficient to put the prosecutor and trial court on notice as to the present specific concerns about Officer Pearce's roadside HGN testing procedures under the NHTSA. *Cf. State v. Grove*, 5th Dist. Fairfield No. 01-CA-41, 2002-Ohio-3677, ¶ 36. As such, we find the waiver doctrine applies against appellant's arguments under the circumstances presented.

{¶26}. Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶27}.** In his Third Assignment of Error, appellant contends his arrest by the officers was effectuated without probable cause, and thus the results thereof should have been suppressed by the trial court. We disagree.

**{¶28}.** Under Ohio law, a police officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings,* Stark App.No. 2005–CA–00295, 2006–Ohio–2431, ¶ 15, citing *State v. Heston* (1972), 29 Ohio St.2d 152, 280 N.E.2d 376. "The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol." *State v. Eustis,* Knox App.No. 08CA000006, 2008–Ohio–5955, citing *State v. Van Fossen* (1984), 19 Ohio App.3d 281, 484 N.E.2d 191. In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. *See State v. Miller* (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703; *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906. Furthermore, a police officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. *See State v. Harrop* (July 2, 2001), Muskingum App.No. CT2000–0026, citing *Atwell v. State* (1973), 35 Ohio App.2d 221, 301 N.E.2d 709.

**{¶29}.** In the case sub judice, the officers were presented with, inter alia, a driver who had turned into a private driveway (known not to be his own) between 3:00 and 4:00 AM, and who admitted to having visited a saloon. The driver, appellant, displayed

watery and red-rimmed eyes, and he was observed as confused and "very incoherent." His verbal responses to the officers were slow and/or delayed, and his explanation of trying to find the interstate highway was inconsistent with the layout of the roads in the area. Appellant was adamant that his motorcycle permit was his standard driver's license, despite the officers' attempt to convince him otherwise. In addition, the HGN test resulted in the officer observing six out of a potential six clues.

{¶30}. Appellant emphasizes that he was not observed driving erratically and that there was no mention of the odor of alcoholic beverage or drugs at the traffic stop. Appellant also notes the specific terminology of "slurred" speech and "bloodshot" eyes was not alleged, and that he did not admit to actual consumption of alcohol on the night in question. Appellant also directs us to several appellate decisions which, he argues, demonstrate findings of insufficient probable cause "where officers had more evidence of the defendant's intoxication than in the present case." *See* Appellant's Brief at 8, citing *Upper Arlington v. Wissinger*, 10th Dist. Franklin No. 13AP–922, 2014-Ohio-1601; *State v. Kolesar*, 10th Dist. Franklin No. 00AP-1435, 2001 WL 1098049; *State v. Beagle*, 2nd Dist. Clark No. 2002-CA-59, 2003-Ohio-4331; *State v. Brown* (11th Dist.), 166 Ohio App.3d 638, 852 N.E.2d 1228, 2006-Ohio-1172; *State v. Gray*, 10th Dist. Franklin No. 01AP-1251, 2002-Ohio-4328.

{¶31}. While the cases cited by appellant help shed light on the issues before us, "[i]t has been repeatedly emphasized that probable cause is a fluid concept that is based upon a case-by-case evaluation of the totality of the circumstances." *State v. Reid*, 9th Dist. Lorain No. 12CA010265, 2013-Ohio-4274, ¶ 26 (Belfance, P.J., dissenting), citing *Florida v. Harris,* ——U.S. ——, 133 S.Ct. 1050, 1055 (2013). *See,*

*also*, *State v. Bish*, 191 Ohio App.3d 661, 947 N.E.2d 257, 2010–Ohio–6604, ¶ 48. Upon review, we find the facts presented support the conclusion that the officers had probable cause to arrest appellant for OVI under the facts and circumstances of the case sub judice.

**{¶32}.** Accordingly, we hold the trial court correctly decided the probable cause issue raised in appellant's motion to suppress.

**{¶33}.** Appellant's Third Assignment of Error is therefore overruled.

**{¶34}.** For the foregoing reasons, the judgment of the Municipal Court, Ashland County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0918