[Cite as *State v. Barrett*, 2019-Ohio-4270.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19 CA 23 |
| JEFFREY BARRETT | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  18 CR 955


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         October 15, 2019


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

GARY BISHOP                            BENJAMIN D. KITZLER
PROSECUTING ATTORNEY                   SPAULDING & KITZLER, LLC
JOSEPH C. SNYDER                       3 North Main Street, Suite 803
ASSISTANT PROSECUTOR                   Mansfield, Ohio  44902
38 South Park Street
Mansfield, Ohio  44902

*Wise, John, P. J.*

**{¶1}** Appellant State of Ohio appeals the decision of the Court of Common Pleas, Richland County, granting a motion to suppress evidence filed by Defendant-Appellee Jeffrey D. Barrett in an OVI case. The relevant facts leading to this appeal are as follows.

**{¶2}** On October 28, 2018, shortly before 2:00 A.M., Sergeant Coby Holloway of the Ohio State Highway Patrol was observing traffic while on patrol in his marked cruiser. At approximately 1:52 A.M., a 2003 Pontiac being driven by Appellee Barrett passed him in the opposite direction on Trimble Road, Richland County, Ohio. Sergeant Holloway clocked appellee's speed at 50 miles per hour in a 35 MPH zone. Tr. at 23. Sergeant Holloway proceeded to make a traffic stop after appellee made a right-hand turn onto Cook Road.

**{¶3}** The trooper approached and found appellee to be the sole occupant of the Pontiac. Tr. at 28. He also detected an "odor of alcohol" coming from within the vehicle. Tr. at 34. He further noted that appellee avoided eye contact with him by looking away and ruffling through some papers from his glove compartment. Tr. at 33-34. This behavior struck Sergeant Holloway as an indicator of intoxication, based on his training. Tr. at 34-35.

**{¶4}** Eventually, appellee turned to face Sergeant Holloway. As they spoke, the trooper noticed appellee's "glassy bloodshot eyes" and detected that his speech was slightly slurred. Tr. at 35. As appellee spoke with him, Sergeant Holloway also detected that the smell of alcohol was becoming stronger and was specifically coming from appellee. Tr. at 35-36. When asked how much he had had to drink that night, appellee said "none." Tr. at 36. When asked about his speed, appellee stated he had been going

45 MPH. Tr. at 37. Appellee then protested that there had been a car in front of him, and that it that must have been the one that had been speeding. *Id.*

{¶5} Sergeant Holloway then asked appellee to step out of the vehicle. Tr. at 37-38. He inquired of appellee where he was coming from. Appellee responded that he had been at a birthday party. Tr. at 38.

{¶6} The trooper decided to perform field sobriety testing on appellee, including a horizontal gaze nystagmus ("HGN") test, further discussed *infra*. After the testing was finished, the trooper offered appellee the opportunity to take a portable breath test, which he declined. Appellee was thereafter placed under arrest and taken to the Mansfield OSHP Post. Appellee submitted to a breath test at that location.

{¶7} On November 21, 2018, appellee was indicted on one count of operating a motor vehicle while under the influence (R.C. 4511.19(A)(1)(a)/(G)(1)(d)), a felony of the fourth degree based on his prior offenses, and operating a vehicle with a prohibited alcohol concentration (breath) (R.C. 4511.19(A)(1)(d)/(G)(1)(d)), also a felony of the fourth degree.

{¶8} On December 6, 2018, appellee appeared for arraignment and entered a plea of not guilty.

{¶9} On February 11, 2019, after obtaining leave from the trial court, appellee filed a motion to suppress the results of the HGN test administered by Sergeant Holloway and the BAC test conducted at the Highway Patrol post.

{¶10} On March 18, 2019, a hearing on the motion was conducted. At the hearing, appellee stipulated that he was limiting his challenge to the claims that the traffic stop was

improper and that there was no probable cause to arrest. Tr. at 5-6. At the conclusion of the hearing, the court took the matter under advisement.

{¶11} On March 26, 2018, via a judgment entry, the trial court granted appellee's motion to suppress.

{¶12} On March 27, 2018, the State of Ohio filed a notice of appeal and Crim.R. 12(K) certification. It herein raises the following sole Assignment of Error:

{¶13} "I. THE TRIAL COURT ERRED IN GRANTING APPELLANT'S [SIC] MOTION TO SUPPRESS."[1]

I.

{¶14} In its sole Assignment of Error, Appellant State of Ohio contends the trial court erred in granting Appellee Barrett's motion to suppress the results of his breath test taken after his arrest. We agree.

### *Standard of Review*

{¶15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437

---

[1] The State of Ohio, as the appellant herein, has failed to include or attach with its brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A).

N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

*Trooper's Investigation after Stop / Detainment for Field Sobriety Tests*

**{¶16}** A single suspected traffic violation provides reasonable suspicion for an officer to stop a vehicle. *See State v. Panaro*, 9th Dist. Medina No. 16CA0067-M, 2018-Ohio-1005, 108 N.E.3d 1187, ¶ 15 (citations omitted). In the case *sub judice*, the trial court determined that the original traffic stop of appellee's vehicle for suspected speeding was proper, however, the court also found "that the Trooper lacked sufficient information from the entirety of the events following the stop, in order to arrest the [appellee] for OVI." Judgment Entry, March 26, 2019, at 2. We will therefore proceed to consider the post-stop events.

**{¶17}** A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request. *State v. Albaugh,* 5th Dist. Tuscarawas No. 2014 AP 11 0049, 2015-Ohio-3536, ¶ 18, quoting *State v. Anez* (2000), 108 Ohio Misc.2d 18, 26–27, 738 N.E.2d 491. Although requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment, courts have generally held that the intrusion on the driver's liberty

resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test. *See State v. Bright,* 5th Dist. Guernsey No. 2009–CA–28, 2010-Ohio-1111, 2010 WL 1035466, ¶ 17, citing *State v. Knox,* 2nd Dist. Greene No. 2005–CA–74, 2006-Ohio-3039, 2006 WL 1661628. In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking,* 12th Dist. Butler No. CA2002–12–303, 2004-Ohio-90, 2004 WL 47400, ¶ 8, citing *State v. Freeman* (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044.

**{¶18}** Reasonable suspicion constitutes something less than probable cause. *State v. Logan,* 5th Dist. Richland No. 07–CA–56, 2008–Ohio–2969, ¶ 15, citing *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. Also, it is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio-3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App .3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997).

**{¶19}** In this instance, when Sergeant Holloway approached appellee's vehicle (after a clocking of 15 MPH over the speed limit at a time of approximately 2:00 AM) and asked for license and registration, appellee "began just mainly focusing over on the passenger side of the vehicle[,] *** kind of going through the glove box ***." Tr. at 34. According to the trooper, appellee avoided eye contact and was "trying to use a cover up technique" by leaning over toward the glove compartment and indiscriminately ruffling papers. *Id.* Even at that stage, the trooper was able to detect an odor of alcohol. Tr. at 35. When appellee finally faced him, Sergeant Holloway noticed "glassy bloodshot eyes"

and observed that appellee's speech was "slightly slurred." Tr. at 35. The odor of alcohol became "stronger" at that point as well. Tr. at 36. Appellee denied consuming alcohol that night, but later stated he had been at a birthday party. Tr. at 36, 37.

{¶20} In *State v. Smith,* 5th Dist. Licking No. 09–CA–42, 2010-Ohio-1232, we reiterated that under well-settled Ohio law, "where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *Id.* at ¶ 34, citing *State v. Wells,* 2nd Dist. Montgomery No. 20798, 2005-Ohio-5008 (additional citations omitted). *See, also, State v. Beeley,* 6th Dist. Lucas No. L–05–1386, 2006-Ohio-4799, 2006 WL 2640228, ¶ 16; *State v. Hall*, 5th Dist. No. 2015 CA 00213, 2016-Ohio-5787, 70 N.E.3d 1154, ¶ 24.

{¶21} In sum, in the case *sub judice*, the record indicates the trooper, making a 2 AM traffic stop, noticed an odor of alcohol from appellee's vehicle and then from appellee's person, and that appellee displayed glassy, bloodshot eyes. Appellee also slightly slurred his speech, and although he denied consuming alcohol that night, he stated he had been at a birthday party.[2] The trooper also believed appellee was initially trying to cover up his physical condition by inordinately leaning toward his glove compartment. We additionally reiterate that appellee had been clocked at 15 MPH over the speed limit in that area. While this Court has concluded a defendant's speeding is not

---

[2]    We note the trial court accepted that appellee had been speeding and smelled of alcohol, and it further concluded that appellee had "passed the field sobriety tests, had talked coherently, parked his vehicle properly and had no other indications of impairment, except for the officer's testimony as to the HGN." Judgment Entry, March 26, 2019, at 2. The court did not elaborate in its entry or at the conclusion of the hearing on the question of appellee's observed slurred speech.

"conclusive evidence" of impaired driving, the fact of speeding may be combined with observations of physical manifestations of alcohol consumption. *See State v. Eiler*, 5th Dist. Tuscarawas No. 2006AP030019, 2007-Ohio-1076, ¶ 20.

**{¶22}** We therefore find, upon a *de novo* review, that the trooper articulated sufficient reasonable grounds to justify his request to have appellee engage in field sobriety testing.

### Probable Cause to Arrest

**{¶23}** Our remaining issue is whether there was probable cause to arrest appellee, which resulted in his breath being tested that night at the patrol post.

**{¶24}** "It has been repeatedly emphasized that probable cause is a fluid concept that is based upon a case-by-case evaluation of the totality of the circumstances." *State v. Todd*, 5th Dist. Ashland No. 14 COA 005, 2014-Ohio-4489, ¶ 31, citing *State v. Reid,* 9th Dist. Lorain No. 12CA010265, 2013–Ohio–4274, ¶ 26 (Belfance, P.J., dissenting) (internal quotations and additional citations omitted). A police officer has probable cause for an arrest if the facts and circumstances within his or her knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings,* 5th Dist. Stark No. 2005–CA–00295, 2006–Ohio–2431, ¶ 15, citing *State v. Heston,* 29 Ohio St.2d 152, 280 N.E.2d 376 (1972). However, field sobriety tests are not mandatory for establishing probable cause. *See State v. Winn*, 7th Dist. Mahoning No. 00CA229, 2001-Ohio-3465. *See, also, State v. Thompson*, 5th Dist. Richland No. 18CA9, 2018-Ohio-5308, ¶ 61.

**{¶25}** In the case *sub judice*, Sergeant Holloway did perform the three standardized field sobriety tests at the scene. On the "walk and turn" test, the trooper

observed one clue. Tr. at 43. On the one-legged stand test, he also observed one clue. *Id.* However, on the HGN test, the trooper found the existence of "six out of six" clues. Tr. at 41. We note that "* * * all three [standardized] field sobriety tests need not be administered for any one test result, properly administered, to be admissible into evidence for consideration in determining probable cause for arrest." *State v. DeVault*, 6th Dist. Ottawa No. OT-12-027, 2013-Ohio-2942, ¶ 16, quoting *State v. Markin*, 10th Dist. Franklin No. 01AP-1208, 149 Ohio App.3d 274, 2002-Ohio-4326, 776 N.E.2d 1163, ¶ 15 (emphases omitted).

**{¶26}** As appellee urges in his response, a review of the dash-cam video reveals appellee interacting coherently with the trooper and maintaining steadiness on his feet after exiting his vehicle. Absolutely no physical resistance to the trooper or attempt to flee is seen anywhere on the video. Appellee, without being verbally abusive, did express being very upset at certain points in the encounter because, among other things, the trooper's radar gun readout had been automatically erased before appellee had a chance to look at it, and because appellee's car was being impounded despite the proximity of the stop to his residence. However, this Court has found probable cause to arrest under circumstances of speeding, glassy eyes, and an odor of alcohol (with the additional fact of a clear admission to drinking) without even taking HGN results into account. *See State v. Emmons*, 5th Dist. Ashland No. 14-COA-016, 2014-Ohio-5842, ¶¶ 25-26.

**{¶27}** Accordingly, upon review of the totality of the facts and circumstances presented herein, we find reversible error in the trial court's granting of suppression in favor of appellee, as probable cause existed for the OVI arrest.

{¶28} The State's sole Assignment of Error is sustained, and the matter will be remanded for further proceedings before the trial court.

{¶29} For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Richland County, is hereby reversed and remanded.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0918