[Cite as *State v. Duke*, 2013-Ohio-743.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 12CA010225 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTWONNE T. DUKE | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 11CR082152 |

DECISION AND JOURNAL ENTRY

Dated: March 4, 2013

CARR, Judge.

{¶1}    Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas granting the motion to suppress filed by Appellee, Antwonne Duke.  This Court reverses and remands.

I.

{¶2}    As a result of a traffic stop that occurred on the evening of January 26, 2011, the Lorain County Grand Jury indicted Duke on one count of trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the third degree, and possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree.  Duke pleaded not guilty to the charges at arraignment.  On October 7, 2011, Duke filed a motion to suppress.  After several continuances, the trial court held a hearing on the motion on April 19, 2012.  The trial court subsequently issued a journal entry granting the motion.

{¶3} The State filed a notice of appeal on May 9, 2012. On appeal, the State raises two assignments of error. This Court addresses the second assignment of error first, as it is dispositive of the appeal.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING MR. DUKE'S MOTION TO SUPPRESS BASED ON AN ISSUE RAISED BY THE TRIAL COURT SUA SPONTE.

{¶4} In its second assignment of error, the State of Ohio argues that the trial court erred in granting Duke's motion to suppress based on an issue that the trial court raised sua sponte. This Court agrees.

{¶5} On the night of January 26, 2011, Trooper Thurman Peterson of the Ohio State Highway Patrol was driving his cruiser eastbound on the Ohio Turnpike when he noticed a car without a license plate light. When Trooper Peterson initiated a traffic stop and asked for Duke's license and registration, Duke looked "very nervous" and "agitated." Though Trooper Peterson attempted to get Duke to calm down, Duke kept asking, "Why did you stop me? What did I do wrong?" Duke stated that he had driven half way to Detroit to deliver some paperwork to his cousin, and that he had been on the road two and a half hours. Trooper Peterson testified that he was skeptical of this story given the distance. When Duke was unable to produce his registration and insurance, Trooper Peterson placed Duke in the back of the cruiser in order to determine if he was authorized to operate the vehicle. Thereafter a second state trooper arrived with a K-9 that did "a free air sniff" around Duke's vehicle. The K-9 allegedly alerted to the passenger side of the vehicle near the gas tank. A subsequent search of the vehicle revealed that Duke had a small baggy containing cocaine, stuffed inside a bag of potato chips, on the front passenger seat.

{¶6} Duke filed his motion to suppress on October 7, 2011. In his motion, Duke argued that the evidence seized during the search should be suppressed on the basis that the traffic stop was prolonged for an unreasonable amount of time given the initial reason for the stop. Duke did not argue with particularity that the evidence should be suppressed on the basis that there were issues with the reliability and credibility of the K-9 sniff. Trooper Peterson and Trooper Michael Trader, who handled the K-9 during the stop, testified on behalf of the State at the suppression hearing. In conjunction with the testimony, a video of the stop recorded by a dashboard camera was also played for the trial court. Trooper Peterson's testimony concentrated on the duration of the stop, and his decision to place Duke in the back of his cruiser. The State's direct examination of Trooper Trader focused on what transpired as he effectuated the K-9 sniff. Prior to cross-examination, the trial judge asked Trooper Trader several questions about the mechanics of the K-9 sniff in this case. Subsequently, on cross-examination, defense counsel asked Trooper Trader several questions regarding the accuracy of K-9 sniffs, in addition to several questions regarding his actions during the stop. During closing arguments, both the State and defense counsel focused on the duration of the stop, and neither addressed the reliability of the K-9 sniff.

{¶7} On May 2, 2011, the trial court issued a journal entry granting the motion to suppress. In reaching this determination, the trial court's analysis centered on the reliability of the K-9 sniff. The trial court concluded, "Thus, the court holds that neither the dog nor its handler is found to be a reliable means of detecting the odor of cocaine, and that the behavior of the dog during its 'free air sniff' of defendant's vehicle did not provide probable cause to search defendant's vehicle."

**{¶8}** In support of its assignment of error, the State argues that the trial court erred in granting the motion to suppress based on an issue that it raised sua sponte. The State emphasizes that Duke's motion did not put the State on notice that the reliability of the K-9 search would be an issue at the suppression hearing, and neither party was given an opportunity brief that issue. The State concludes that had it been put on notice by the defense motion to suppress that the reliability of the K-9 or its handler was at issue, it would have been prepared to present evidence on that issue at the hearing.

**{¶9}** Crim.R. 47 specifies that a motion to the trial court "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought."

**{¶10}** It is well settled that warrantless searches are "per se unreasonable under the Fourth Amendment - subject only to a few specifically established and well delineated exceptions." *Coolidge v. New Hampshire*, 403 U.S. 443, 454-455 (1971). Once a defendant has demonstrated a warrantless search or seizure, and has clarified that the ground upon which he challenges its legality is a lack of probable cause, the State bears the burden of proof. *Xenia v. Wallace*, 37 Ohio St.3d 216 (1988), paragraph two of the syllabus.

**{¶11}** The Supreme Court has held, however, that, "the prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search. The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits." *Xenia*, 37 Ohio St.3d at 218. Thus, "the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search and seizure." *Id.* The defendant "must

state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of issues to be decided." *State v. Shindler*, 70 Ohio St.3d 54 (1994), syllabus.

{¶12} In this case, the trial court granted Duke's motion to suppress based on an issue that fell outside the scope of the motion. The focus of Duke's motion, and thus the scope of the hearing, was limited to whether the traffic stop lasted for an unreasonable amount of time. The State was given notice that Duke was challenging the admission of the evidence on those particular grounds. As the Supreme Court held in *Xenia*, the prosecutor cannot be expected to anticipate the specific legal and factual grounds that form the basis by which the evidence might be excluded. *Xenia*, 37 Ohio St.3d at 218. Because the trial court raised the K-9 reliability issue sua sponte, and that issue was not raised in Duke's motion to suppress, the State was not provided with an opportunity to adequately prepare arguments and present evidence on that issue. Thus, the trial court erred in granting the motion to suppress on that basis.

{¶13} The State's second assignment of error is sustained, and the matter is remanded for a supplemental hearing on the motion to suppress where the State must be afforded an opportunity to present evidence on the issue of whether the K-9 search of the vehicle was credible and reliable.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING MR. DUKE'S MOTION TO SUPPRESS AS THE EVIDENCE RECOVERED FROM HIS VEHICLE WAS OBTAINED THROUGH A LEGAL SEARCH.

{¶14} In its first assignment of error, the State argues that the trial court erred in granting the motion to suppress because the evidence was obtained through a legal search. As noted above, the State was not afforded an opportunity to present evidence on all of the issues relating to whether the search of Duke's vehicle was reasonable. Thus, because our resolution of

the second assignment of error is dispositive of this appeal, this Court declines to address the State's first assignment of error as it is rendered moot. *See* App.R. 12(A)(1)(c).

### III.

**{¶15}** The State's second assignment of error is sustained. In light of our resolution of the State's second assignment of error, the first assignment of error is rendered moot. The judgment of the Lorain County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

**{¶16}** I concur in the majority's judgment because this case should be remanded. While the trial court found that "the testimony of Trooper Trader in explaining the dog's *alleged* alert to the presence of cocaine on the gas cap * * * not [to be] credible[,]" it is unclear what the trial court meant by that statement. (Emphasis sic.). It could have believed that Trooper Trader had caused the dog to falsely alert or that the dog's alert was not competent evidence because Trooper Trader was unable to explain it satisfactorily. Or the court could have meant something else altogether. Because this is a credibility determination and the trial court is the arbiter of credibility in suppression cases, this ambiguity is problematic for appellate review. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

**{¶17}** Furthermore, remand is appropriate for the trial court to clarify precisely what it believed was the reason the evidence should have been suppressed. As the majority notes, the trial court's rationale could have been that the officers lacked probable cause to search the car. However, the trial court may have been thinking that, given that it found there to be a problem with the dog's alert, the officers impermissibly extended the length of the stop. *See State v. Carlson*, 102 Ohio App.3d 585, 598 (9th Dist.1995), citing *Florida v. Royer*, 460 U.S. 491, 500 (1983) ("An investigative stop may last no longer than is necessary to effectuate the purpose of the stop."). Because the trial court's reasoning is unclear, it is appropriate to remand for it to clarify its decision.

**{¶18}** I further wish to note that I certainly do not believe the trial court extended beyond the issues raised in the suppression motion if its determination was that the police impermissibly extended the stop. In his motion to suppress, Mr. Duke argued, "[E]ven if that K9 sniff was reasonable at the time, there is good indication that it did not hit on the vehicle to begin with and what it smelled was gasoline from the vehicle's gas tank." While not the most articulate phrasing, the legitimacy of the dog's alert in the context of the length of the stop was certainly raised. Furthermore, the trial court remarked during the suppression hearing that one of the issues before it was "[D]id the dog alert on the vehicle[?]" and Trooper Trader was questioned about his dog's accuracy and training as well as whether he had an explanation for why the dog allegedly alerted to the gas cap of the car. At no point did the State object to the questions, which would imply that it did not believe that the questions were beyond the scope of the suppression motion. *See State v. Robinson*, 11th Dist. No. 99-P-0019, 2000 WL 895587, *2 (June 30, 2000) ("Despite appellant's failure to strictly comply with Crim.R. 47, the prosecution did not object to appellant arguing this issue at the hearing on the motion to suppress. As a result, we will address the merits of appellant's appeal."). Thus, while this case should be remanded for the trial court to clarify its findings and reasoning, I do not agree that the trial court necessarily exceeded the scope of the motion to suppress.

**{¶19}** Accordingly, I concur in the judgment.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

JENIFER BERKI, Attorney at Law, for Appellee.