[Cite as *State v. Fowler*, 2016-Ohio-1209.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2015 AP 0054 |
| MICHAEL A. FOWLER | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Tuscarawas
County Court of Common Pleas, Case No.
2015CR030096


JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: March 22, 2016

APPEARANCES:

For Plaintiff-Appellant                         For Defendant-Appellee

R. SCOTT DEEDRICK                          MARK PERLAKY
Assistant Prosecutor                           Assistant Public Defender
125 E. High Avenue                             153 N. Broadway St.
New Philadelphia, OH 44663             New Philadelphia, OH 44663

*Gwin, J.*

{¶1}　Plaintiff-appellant the State of Ohio appeals September 21, 2015 Judgment Entry of the Tuscarawas County Court of Common Pleas granting defendant-appellee Michael A. Fowler's ["Fowler"] motion to suppress evidence.

*Facts and Procedural History*

{¶2}　Fowler was indicted for Rape in violation of R.C. 2907.02(A)(1)(b) and (A)(2), felonies of the first degree, and Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, on March 30, 2015. The indictment in the Tuscarawas County Court of Common Pleas alleges that he had engaged in sexual activity with a minor, A. F., his daughter born March 20, 1994. The sexual activity is alleged to have occurred from 2004 into 2007.

{¶3}　On June 12, 2015, Fowler filed a Motion to Suppress Statements. Fowler sought to suppress admissions made during an interview with the New Philadelphia Police Department on December 1, 2014. Fowler alleged that his statements were involuntary as Detective Nelson made misstatements of a factual and legal nature that directly led to Fowler's confession.

{¶4}　An evidentiary hearing took place on August 13, 2015. During the suppression hearing, the state called one officer, Detective Shawn Nelson with the New Philadelphia Police Department.

**Detective Shawn Nelson.**

{¶5}　On December 1, 2014, Detectives Nelson and Willett interviewed Fowler at the New Philadelphia Police Department. The entire interview was recorded and entered into evidence. *See*, Joint Exhibit A.

**{¶6}** Fowler was in custody at the time of the interview on an unrelated matter and was released after the interview.  The interview lasted one hour and fifteen minutes. (T. Aug. 13, 2015 at 17).  Detective Nelson read Fowler his *Miranda* rights prior to commencing the interview. Fowler did not ask for the interview to stop.  (T. Aug. 13, 2015 at 18).  Fowler never requested an attorney.  (Id.).  Detective Nelson testified that had Fowler made either request the interview would have terminated.  (Id. at 19).

**{¶7}** Fowler told the officers that he suffered two aneurisms that had effected his memory.  (Joint Exhibit A).  Detective Nelson testified that he did not observe any indications that Fowler did not understand his situation.  (Id. at 20).  Detective Nelson characterized Fowler as articulate and responsive to the questioning.  (Id.).

**The trial court's decision.**

**{¶8}** By judgment entry filed September 21, 2015, the trial court agreed that Detective Nelson read Fowler his Miranda rights prior to questioning Fowler.  However, the trial court noted,

> FINDS, however, that Defendant does not suggest either in his Motion to Suppress Statements or in his Legal Memoranda in Support of the Motion, that the rights of the Defendant under *Miranda v. Arizona*, 384 U.S. 436 (1966) have not been abrogated.

> FINDS that in viewing the DVD (Joint Exhibit A) memorializing the 12/1/2014 Interrogation of the Defendant by agents of the New Philadelphia, Ohio Police Department at the New Philadelphia, Ohio Police Station, it is graphically clear that the following occurred:

Detective Shawn Nelson, prior to asking the Defendant any questions, properly read the Defendant's constitutional rights vis a vis *Miranda,* citation above.

Agents of the New Philadelphia Police Department did not obtain a lawful waiver from the Defendant of his constitutional rights under the Fifth Amendment of the United States Constitution protecting the Defendant in this case from being compelled to self-incriminate.

* * *

In explaining Defendant's constitutional rights Detective Nelson did not place a printed copy of the constitutional rights form from which he was reading before the Defendant notwithstanding that he told the Defendant you can "follow along or not" or words to that effect prior to reading the constitutional rights form to Defendant.  Additionally, upon completing the recitation of Defendant's constitutional rights, Detective Nelson did not ask the Defendant if he was willing to proceed to answer questions but, instead, simply placed what appears to be a document containing the constitutional rights and a waiver form in front of the Defendant and said "I need you to sign right here" (the waiver form on the document) to which the Defendant says "I cannot see."  "I don't have my glasses."  The Defendant then proceeded to sign the document without his glasses at the location Detective Nelson told him to sign" - "on the X."; and without any verbal indication that he knew what he was signing or had any understanding of the legal significance of his signature.

{¶9} The court concluded that because the officers did not ask Fowler if he understood his rights and was willing to proceed with questioning, and did not provide Fowler with a written explanation of his *Miranda* rights the state failed to prove that Fowler made a "knowing and intelligent" decision to waive his rights.

{¶10} The trial court granted Fowler's motion to suppress.

*Assignments of Error*

{¶11} The state raises two assignments of error,

{¶12} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUPPRESSING STATEMENTS SUA SPONTE ON AN ISSUE NOT RAISED BY THE PARTIES OR COURT.

{¶13} "II. APPELLEE'S WAIVER OF HIS MIRANDA RIGHTS WAS KNOWING, VOLUNTARY AND INTELLIGENT IN THE TOTALITY OF THE CIRCUMSTANCES."

I. & II.

{¶14} In the first assignment of error, the state argues the trial court *sua sponte* suppressed Fowlers' statements based upon an issue not raised or addressed by the Court or parties before, during, or after the hearing on the motion to suppress. In the second assignment of error, the state contends Fowler voluntarily and intelligently waived his *Miranda* rights.

{¶15} In the case at bar, the trial court required the police to do more than advise Fowler of his rights. However, the police are not required to provide a written copy of the *Miranda* rights to a suspect. Nor are the police required to obtain a written waiver of the *Miranda* rights prior to commencing questioning. Fowler never contended that he did not understand his *Miranda* rights either in his motion to suppress or in his post-

hearing memorandum. A review of Joint Exhibit A indicates that Detective Nelson asked Fowler if he understood "that, right" to which Fowler responded "yeah." (Joint Exhibit A, at 16:22:45-46; 004320-4321). Fowler has a history of involvement with law enforcement. (Joint Exhibit A).

{¶16} In order for an accused's statement to be admissible at trial, police must have given the accused a *Miranda* warning if there was a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966). If that condition is established, the court can proceed to consider whether there has been an express or implied waiver of *Miranda* rights. *Id.,* at 476, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

{¶17} In *State v. Dailey*, 53 Ohio St.3d 88, 559 N.E.2d 459(1990), the Ohio Supreme Court outlined the manner in which a suspect must be informed of his or her *Miranda* rights: "[i]n *Miranda, supra,* the court indicated that 'the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.' *Id.* at 444, 86 S.Ct. at 1612. The court indicated that in the absence of *other effective measures* the following procedures to safeguard the Fifth Amendment privilege must be observed:

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.

*Id.* In *Dailey*, the Ohio Supreme Court noted,

The United States Supreme Court has often indicated that there is no rigid rule requiring that the content of the *Miranda* warnings given to an accused prior to police interrogations be a virtual incantation of the precise language contained in the *Miranda* opinion. See *California v. Prysock* (1981), 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696; *Duckworth v. Eagan* (1989), 492 U.S. 195, 109 S.Ct. 2875, 2879, 106 L.Ed.2d 166, 176-177. The warnings required by *Miranda* are necessary in the absence of any other effective equivalent. *Miranda, supra,* 384 U.S. at 476, 86 S.Ct. at 1629; *Prysock, supra,* 453 U.S. at 359-360, 101 S.Ct. at 2809; Duckworth*, supra,* 492 U.S. at ----, 106 L.Ed.2d at 176-177, 109 S.Ct. at 2879. They are simply required to convey to a suspect his rights and are not themselves rights protected by the Constitution. *Duckworth, supra,* at ----, 109 S.Ct. at 2880, 106 L.Ed.2d at 177. They are measures to insure that the right against compulsory self-incrimination is protected. *Id.* Hence, a reviewing court need not examine the warnings as if construing a will or defining the terms of an easement. *Id.*

In *State v. Edwards* (1976), 49 Ohio St.2d 31, 37-41, 3 O.O.3d 18, 21- 24, 358 N.E.2d 1051, 1057-1059, *vacated in part* (1978), 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155 we rejected the defendant's argument that the *Miranda* warnings given to him were inadequate because the police officer never explicitly asked him whether he wanted an attorney. As indicated in *Moran v. Burbine* (1986), 475 U.S. 412, 420, 106 S.Ct. 1135, 1140, 89 L.Ed.2d 410 the warnings required by *Miranda* are satisfied where

'prior to the initiation of questioning, * * * [the police] must fully apprise the suspect of the State's intention to use his statements to secure a conviction, and must inform him of his rights to remain silent and to 'have counsel present * * * if [he] so desires.' In *Duckworth, supra,* 492 U.S. at ----, 109 S.Ct. at 2880, 106 L.Ed.2d at 177, the court approved, as touching all of the bases required by *Miranda,* warnings informing a suspect "that he had the right to remain silent, that anything he said could be used against him in court, that he had the right to speak to an attorney before and during questioning", that he had "this right to the advice and presence of a lawyer even if [he could] not afford to hire one," and that he had the "right to stop answering at any time until [he] talked to a lawyer."

*Dailey*, 53 Ohio St.3d at 90-91, 559 N.E.2d at 461-62. (Emphasis in original).

**{¶18}** A court may infer from the totality of the circumstances that a defendant voluntarily, knowingly, and intelligently waived his rights. *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *State v. Gapen*, 104 Ohio St.3d 358, 2004–Ohio–6548, ¶ 52. The totality of the circumstances includes "the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." *State v. Dixon*, 101 Ohio St.3d 328, 2004–Ohio–1585, ¶ 25, *quoting State v. Eley*, 77 Ohio St.3d 174, 178 (1996). "Only if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Lather* at ¶ 7, *citing Moran v. Burbine*, 475 U.S. 412, 421 (1986). By definition of "totality," a court is to look to all of

the evidence to determine a suspect's understanding, which can be implied by his conduct and the situation.  Id. at ¶ 9.

{¶19}  In *State v. Lawson*, the court found that the police may question a suspect after giving the *Miranda* warnings unless and until the suspect invokes his or her rights,

> A suspect's incriminatory statements ordinarily are admissible if law enforcement officers gave the suspect *Miranda* warnings and if the suspect fails to unambiguously invoke the Fifth Amendment right against self-incrimination.  *Berghuis v. Thompkins*, 560 U.S. 370, 388–389, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010).  Once a suspect has received and understood the *Miranda* warnings, law enforcement officers may continue questioning "until and unless the suspect clearly [invokes the right to remain silent]."  *Davis v. United States*, 512 U.S. 452, 461, 114 S.Ct. 2350, 129 L.Ed.2d 362; *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *see Berghuis*, 560 U.S. at 389 (explaining that officers need not obtain a waiver of Miranda rights before interrogating a suspect).  "If * * * the right to remain silent is invoked at any point during questioning, further interrogation must cease."  *Berghuis* at 388; *Mosley* (stating that once a suspect invokes the right to remain silent, officers must stop questioning); State v. Murphy, 91 Ohio St.3d 516, 520, 747 N.E.2d 765 (2001).

4th Dist. Pickaway No. 14CA20, 2015-Ohio-4394, ¶ 17.

{¶20}  There is no requirement that an accused be given a written version of his or her *Miranda* rights.  The fact that a defendant did not sign a rights waiver form or expressly state that he was waiving his rights is not controlling.  "An express written or oral

statement of waiver of the right to remain silent or the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in *Miranda*." *State v. Scott*, 61 Ohio St.2d 155 (1980), paragraph one of the syllabus; *State v. Haynes*, 10th Dist. Franklin No. 01AP–430, 2002–Ohio–4389, ¶53.

**{¶21}** Further, an accused's mental state, in and of itself does not mandate a finding that the accused did not understand and waive his or her *Miranda* rights. As the court in *State v. Valentine,* noted,

> An accused's mental condition, although a relevant consideration, does not by itself prevent an effective waiver of constitutional rights. *State v. Rosales,* 4th Dist. No. 01CA2588, 2002–Ohio–6132, ¶ 55, *citing Colorado v. Connelly,* 479 U.S. 157 (1986). *See also State v. Worley*, 11th Dist. No. 2001–T–0048, 2002–Ohio–4516, ¶ 166 (defendant who had been "in and out of several hospitals on suicide watch" properly waived his rights where nothing unusual about his mental state during the interview). *See also State v. Kirk,* 3d Dist. No. 3–12–09, 2013–Ohio–1941, ¶ 29–30 (noting that diminished mental capacity alone does not prevent waiver of rights, but is one factor considered in totality of the circumstances).

10th Dist. Franklin No. 14AP-893, 2016-Ohio-277, ¶16.

**{¶22}** In the case at bar, we find that the trial court incorrectly concluded that Fowler was not properly advised of his *Miranda* rights. In doing so, the trial court stated that it,

Need not reach Defendant's Fifth and Fourteenth Amendment arguments (United States Constitution) cited in his initial Memorandum in Support of the Motion to Suppress filed 6/12/2015 or in the Post-Hearing Memorandum filed 9/8/2015.

*Judgment Entry-Further Non-Oral Consideration Conducted on 9/17/2015 Pertaining to Defendants' 6/12/2015 Motion to Suppress Statements, Oral/Evidentiary Hearing Conducted on 8/13/2015, and Post-Hearing Legal Memorandum Filed by State Ohio [sic.] and Defendant-Motion to Suppress Statements Granted-Orders Entered*, filed Sept. 21, 2015 at 5. As such, the court never addressed whether Fowler made a knowing, intelligent and voluntary waiver of his rights under the Fifth and Fourteenth Amendments. Accordingly, we remand this case to the trial court for a determination of this issue.

{¶23} Section 3(B) (2), Article IV of the Ohio Constitution gives an appellate court the power to affirm, reverse, or modify the judgment of an inferior court.

{¶24} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is reversed and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, J.,

Farmer, P.J., and

Delaney, J., concur