[Cite as *State v. Fowler*, 2016-Ohio-5940.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2016AP040024 |
| | : | |
| MICHAEL A. FOWLER | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Tuscarawas County
Court of Common Pleas, Case No. 2015
CR 03 0096


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    September 20, 2016


APPEARANCES:

For Plaintiff-Appellant:

RYAN STYER
TUSCARAWAS CO. PROSECUTOR
R. SCOTT DEEDRICK
125 E. High Ave.
New Philadelphia, OH 44663

For Defendant-Appellee:

MARK A. PERLAKY
153 N. Broadway St.
New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Plaintiff-appellant state of Ohio appeals the April 20, 2016 judgment entries of the Tuscarawas County Court of Common Pleas reaffirming its decision to grant the motion to suppress of defendant-appellee Michael A. Fowler.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following facts and procedural history are taken in part from our decision in *State v. Fowler*, 5th Dist. Tuscarawas No. 2015 AP 0054, 2016-Ohio-1209 [*Fowler I*]. The instant appeal arises from our remand order in *Fowler I*.

{¶3} Appellee was indicted upon one count of rape in violation of R.C. 2907.02(A)(1)(b) and (A)(2), felonies of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, on March 30, 2015. The indictment alleged appellee engaged in sexual activity with a minor female relative from 2004 into 2007.

{¶4} On June 12, 2015, appellee filed a motion to suppress statements made during an interview with the New Philadelphia Police Department on December 1, 2014. Appellee alleged his statements were involuntary because Detective Nelson made factual and legal misstatements that directly led to appellee's confession. Specifically, appellee argued law enforcement implied the victim said the sexual activity with appellee was "consensual," and that consensual sexual activity between family members is not legally prohibited.

{¶5} An evidentiary hearing took place on August 13, 2015, and appellant called one officer, Detective Shawn Nelson of the New Philadelphia Police Department.

**Testimony of Detective Shawn Nelson.**

{¶6}   On December 1, 2014, Detectives Nelson and Willett interviewed appellee at the police department. The entire interview was recorded and entered into evidence. *See,* Joint Exhibit A.

{¶7}   Appellee was in custody at the time of the interview on an unrelated matter and was released after the interview. The interview lasted one hour and fifteen minutes. (T. Aug. 13, 2015 at 17). Nelson read appellee his *Miranda* rights prior to commencing the interview. Appellee did not ask for the interview to stop. (T. Aug. 13, 2015 at 18). Appellee never requested an attorney. (Id.). Nelson testified the interview would have terminated if appellee made either request. (Id. at 19).

{¶8}   Appellee told the officers he suffered two aneurisms that had affected his memory. (Joint Exhibit A). Nelson testified he did not observe any indications appellee did not understand his situation. (Id. at 20). Nelson characterized appellee as articulate and responsive to the questioning. (Id.).

{¶9}   By entry dated August 14, 2015, the trial court deferred a decision pending the parties' submission of post-hearing memoranda.

**The trial court's decision of September 21, 2015.**

{¶10} By judgment entry filed September 21, 2015, the trial court agreed Nelson read appellee his Miranda rights prior to questioning. However, the trial court noted,

* * * *.

FINDS, however, that Defendant does not suggest either in

his Motion to Suppress Statements or in his Legal Memoranda in

Support of the Motion, that the rights of the Defendant under *Miranda v. Arizona,* 384 U.S. 436 (1966) have not been abrogated.

FINDS that in viewing the DVD (Joint Exhibit A) memorializing the 12/1/2014 Interrogation of the Defendant by agents of the New Philadelphia, Ohio Police Department at the New Philadelphia, Ohio Police Station, it is graphically clear that the following occurred:

Detective Shawn Nelson, prior to asking the Defendant any questions, properly read the Defendant's constitutional rights vis a vis *Miranda,* citation above.

Agents of the New Philadelphia Police Department did not obtain a lawful waiver from the Defendant of his constitutional rights under the Fifth Amendment of the United States Constitution protecting the Defendant in this case from being compelled to self-incriminate.

In explaining Defendant's constitutional rights Detective Nelson did not place a printed copy of the constitutional rights form from which he was reading before the Defendant notwithstanding that he told the Defendant you can "follow along or not" or words to that effect prior to reading the constitutional rights form to Defendant. Additionally, upon completing the recitation of Defendant's constitutional rights, Detective Nelson did not ask the Defendant if he was willing to proceed to answer questions but,

instead, simply placed what appears to be a document containing the constitutional rights and a waiver form in front of the Defendant and said "I need you to sign right here" (the waiver form on the document) to which the Defendant says "I cannot see." "I don't have my glasses." The Defendant then proceeded to sign the document without his glasses at the location Detective Nelson told him to sign"—"on the X."; and without any verbal indication that he knew what he was signing or had any understanding of the legal significance of his signature.

* * * *.

{¶11} The trial court concluded, e.g., appellant failed to prove appellee made a "knowing and intelligent" decision to waive his rights and granted appellee's motion to suppress all of the statements made during the interview.

**Appellant's First Appeal**

{¶12} Appellant appealed the trial court's decision and raised two assignments of error: 1) the trial court committed reversible error by suppressing the statements sua sponte on an issue not raised by the parties,[1] and 2) appellee's waiver of his *Miranda* rights was knowing, voluntary, and intelligent under the circumstances.  We found the trial court incorrectly determined appellee was not properly informed of his *Miranda* rights.  *Fowler I*, supra, 2016-Ohio-1209 at ¶ 22.  However, we also found the trial court ""never addressed whether [appellee] made a knowing, intelligent and voluntary waiver

---

[1] *Fowler I* does not expressly address this assignment of error.

of his rights under the Fifth and Fourteenth Amendments" and remanded the matter to the trial court for determination of this issue.  Id.

{¶13} On April 11, 2016, the trial court held a remand hearing at which the parties agreed no additional evidence would be presented.

**The trial court's decisions of April 20, 2016.**

{¶14} In a judgment entry dated April 20, 2016, the trial court revisited the findings of fact from the decision of September 21, 2015 and emphasized the decision was not premised upon whether the detectives provided a written *Miranda* waiver.  Instead, upon viewing the DVD of the interview, the trial court was firmly convinced appellee did not understand the constitutional rights guaranteed by *Miranda* and did not knowingly, intelligently, and voluntarily waive those rights.

{¶15} Thus, the trial court concluded, appellee did not understand his constitutional rights provided by the 5th and 14th Amendments and did not knowingly, intelligently, and voluntarily waive those rights.  In a separate entry the trial court reaffirmed the decision to suppress the statements made in the interview of appellee.

{¶16} Appellant now appeals from the trial court's decision of April 20, 2016.

{¶17} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶18} "I.  APPELLEE'S WAIVER OF HIS MIRANDA RIGHTS WAS KNOWING, VOLUNTARY, AND INTELLIGENT IN THE TOTALITY OF THE CIRCUMSTANCES."

{¶19} "II.   THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUPPRESSING STATEMENTS SUA SPONTE ON AN ISSUES [*sic*] NOT RAISED BY THE PARTIES OR COURT."

**ANALYSIS**

I., II.

{¶20} Appellant's two assignments of error are related and will be considered together. Appellant argues appellee's waiver of his *Miranda* rights was knowing, voluntary, and intelligent, and that the trial court committed reversible error in raising the issue sua sponte. We disagree on both counts and for the following reasons affirm the trial court's decisions of April 20, 2016 sustaining appellee's motion to suppress.

*Scope of the Suppression Hearing*

{¶21} First, the trial court did not impermissibly exceed the scope of the suppression hearing or the remand order in determining whether appellee's waiver of his rights pursuant to *Miranda* (and by extension, the 5th and 14th Amendments) was knowing, voluntary, and intelligent.

{¶22} Appellant is entitled to know the issues presented in advance of a suppression hearing. In general, the state is not expected to anticipate specific legal and factual grounds upon which a defendant relies in a motion to suppress. See, *Xenia v. Wallace,* 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988). Under the general rule of Crim.R. 47, a motion to suppress "shall state with particularity the grounds upon which it is made," and the state's burden of proof is limited to those contentions asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided. *State v. Todd,* 5th Dist. Ashland No. 14 COA 005, 2014-Ohio-4489, ¶ 23, citing *Johnstown v. Jugan*, 5th Dist. Licking No. 95CA90, 1996 WL 243805 (Apr. 24, 1996).

{¶23} The trial court is not required to sit on its proverbial hands if an issue germane to the suppression argument arises. A trial court "is free to expand the scope

of a suppression hearing beyond the issues specified in the motion to suppress 'so long as the matters within the expanded scope were material to the suppression sought, and so long as the State had a reasonable opportunity to prepare itself for the hearing.'" S*tate v. Byrnes*, 2nd Dist. Montgomery No. 25860, 2014-Ohio-1274, at ¶ 12, quoting *State v. Blackburn,* 2d Dist. Clark No. 3084, 1994 WL 95224, *4 (Mar. 23, 1994).  Conversely, "[a] trial court's rogue detour at a suppression hearing does not put the State on notice of an issue to be decided."   *Byrnes*, 2014-Ohio-1274 at ¶ 9, citing *State v. Dabney,* 99 Ohio App.3d 32, 39, 649 N.E.2d 1271 (2d Dist.1994.  The question of the voluntariness of appellee's waiver in the instant case is not a "rogue detour."

{¶24} If a trial court grants a motion to suppress based on an issue that falls outside the scope of the motion, the state may not have been provided with an opportunity to adequately prepare arguments and present evidence on that issue and the trial court would err in granting the motion to suppress on that basis.  *State v. Duke*, 9th Dist. Lorain No. 12CA10225, 2013-Ohio-743, ¶ 11.  The question, therefore, is whether the trial court indicated the issue it was considering, and whether the parties were given an opportunity to prepare and present arguments on that issue. *State v. Tyson*, 3rd Dist. Marion No. 9-14-49, 2015-Ohio-3530, 41 N.E.3d 450, ¶ 35.

{¶25} In the instant case, appellant was afforded sufficient opportunities to adequately prepare arguments and to present evidence as to whether appellee's waiver of his right to remain silent was knowing, voluntary, and intelligent.   Appellee's suppression motion went to whether he was deceived by police and what effect any deception may have had on the voluntariness of the waiver.  The sole witness at the suppression hearing was Detective Nelson; the content of his testimony focused on the

totality of the circumstances surrounding appellee's statements; and the prosecutor acknowledged calling Detective Willett would serve no purpose because he could only reiterate Nelson's testimony. The only exhibit admitted was Joint Exhibit 1, the DVD of the interview, which was not played by either party during the hearing. The trial court stated it would defer ruling on the motion to suppress pending review of the DVD and gave the parties the opportunity to present post-hearing memoranda.

{¶26} Furthermore, upon our remand order for further consideration of the 5th and 14th Amendment issues, both parties agreed no additional evidence would be presented and they relied upon the memoranda already filed. Appellant does not suggest, and we will not speculate, what additional evidence or arguments appellant would have presented to further illustrate the circumstances surrounding appellee's interrogation.

{¶27} The trial court permissibly expanded the scope of the suppression inquiry beyond the alleged deception by police because the matters within the expanded scope were material to suppression and appellant had a reasonable opportunity to prepare and present arguments on the issue of the voluntariness of the waiver.

*Appellee's Waiver*

{¶28} Next, turning to the substantive issue presented by our remand order and the trial court's decisions of April 20, 2016, we begin with the intersection of *Miranda* and the rights of a criminal suspect pursuant to the Fifth and Fourteenth Amendments. The 5th Amendment to the United State Constitution provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." The privilege against self-incrimination prohibits the state from using any statement against a criminal defendant "stemming from custodial interrogation of the defendant unless it demonstrates

the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). "[B]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id*.* A person being questioned in a custodial interrogation must be warned "that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed." Id*.*

{¶29} The 14th Amendment Due Process guarantee is also implicated when a criminal suspect is interrogated.  "The issues of whether a confession is voluntary, and whether a suspect has been subjected to custodial interrogation so as to require *Miranda* warnings, are analytically separate issues. The due process clause continues to require an inquiry, separate from custody considerations, concerning whether a defendant's will was overborne by the circumstances surrounding the giving of his confession." *State v. Jackson,* 2d Dist. Greene No. 02CA0001, 2002–Ohio–4680, ¶ 19, citing *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000).  This due process test takes into consideration the totality of all the surrounding facts and circumstances, including the characteristics of the accused and the details of the interrogation. Factors to be considered include the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threats or inducements. *State v. Malone*, 5th Dist. Licking No. 14CA89, 2015-Ohio-3436, ¶ 31, citing *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E .2d 1051 (1976).

{¶30} As the Ohio Supreme Court succinctly summarized, "*Miranda* rights arise from the Fifth Amendment to the United States Constitution, whereas the necessity that a suspect's statement to police is voluntary implicates the guarantee of due process under the Fourteenth Amendment."   *State v. Baker*, Slip Opinion No. 2016-Ohio-2708, --- N.E.3d ----, ¶ 20, citing *Colorado v. Connelly,* 479 U.S. 157, 169–170, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

{¶31} Our remand for consideration of whether "[appellee] made a knowing, intelligent and voluntary waiver of his rights under the Fifth and Fourteenth Amendments" is not an implied rebuke of the trial court's decision to grant the motion to suppress on the basis of *Miranda* when *Miranda* itself was never invoked.   Instead, we ordered the trial court to consider whether appellee's statement was knowing, voluntary, and intelligent with regard to the 5th and 14th Amendment guarantees.   The trial court did exactly that in finding appellee neither understood those rights nor knowingly, intelligently, and voluntarily waived them.

{¶32} It is axiomatic that we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996).   Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶33} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal.  First, an appellant may challenge the trial court's finding of fact.  In

reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶34} In *Fowler I,* appellant challenged the trial court's decision upon the ultimate issue, to wit, whether appellee's *Miranda* waiver was knowing, voluntary, and intelligent. In the instant appeal, appellant argues appellee's waiver of his *Miranda* rights was knowing, voluntary, and intelligent under the circumstances. We are required to accept the trial court's findings of fact if they are supported by competent, credible evidence. To that end, we have again reviewed the DVD of appellee's interview and find that the trial court's findings of fact are supported by competent, credible evidence, to wit:

* * * *.

In explaining [appellee's] Constitutional Rights, Detective Nelson did **not** place a printed copy of the Constitution Rights Form from which he was reading before [appellee], notwithstanding that he told [appellee] you can "follow along or not" or words to that effect

prior to reading the Constitutional Rights Form to [appellee]. Additionally, upon completing the recitation of [appellee's] Constitutional Rights, Detective Nelson did **not** ask [appellee] if he was willing to proceed to answer questions but, instead, simply placed what appears to be a document containing the Constitutional Rights and a **Waiver** Form in front of [appellee] and said "I need you to sign right here" (the **Waiver** Form on the document) to which [appellee] said "I cannot see." "I don't have my glasses." [Appellee] then proceeded to sign the document without his glasses at the location Detective Nelson told him to sign—"on the X;" and without any verbal indication that he knew what he was signing or had any understanding of the legal significance of his signature. [Emphasis in original.]

     * * * *.

In this case there simply was never any lawful **Waiver** by [appellee] of his Constitutional Rights, for the reasons mentioned above, and consequently, all of the statements of [appellee] taken at the interrogation on 12/1/2014 **must** be **suppressed**. [Emphasis in original.]

     * * * *.

* * * [Appellee], at no time, was ever asked by Detective Nelson on 12/1/2014 if [appellee] understood the just completed, rapid-fire reading of the **Miranda** rights. To the contrary, [appellee]

was agitated and distracted about his residence being unlocked and unsecured and the fact that his elderly mother was being kept waiting at the Police State [*sic*] when he was supposed to be released on another matter. [Emphasis in original.]

It is overwhelmingly clear that it was never established, by words or conduct, that [appellee] understood the **Miranda** rights or that he knowingly, voluntarily, or intelligently **waived** them. [Emphasis in original]. * * * *.

[Appellee] was forced to sign the purported **waiver** by Detective Nelson. If one watches the DVD, it is abundantly clear that [appellee] was given no choice other than to sign the waiver. [Emphasis in original.] * * * *.

* * * *.

Decision on Remand from Court of Appeals for Tuscarawas County, Ohio Issued 3/22/2016 in Appellate Case No. 2015 AP 09 0054, April 20, 2016.

{¶35} We find appellant failed to meet its burden to show that appellee's waiver of his rights was knowing, intelligent, and voluntary. "[E]ven if Miranda warnings were required and given, a defendant's statements may be deemed involuntary and thus, be subject to exclusion." *State v. Marshall,* 4th Dist. Lawrence No. 06CA23, 2007–Ohio–6298, 2007 WL 4180806, ¶ 42, citing *State v. Kelly,* 2nd Dist. Greene No. 2004–CA–20, 2005–Ohio–305, 2005 WL 182900, ¶ 11. We agree the evidence does not show appellee's decision "not to rely on his rights was uncoerced, that he at all times knew he

could stand mute and request a lawyer, and that he was aware of the State's intention to use his statements to secure a conviction[.]" See, *State v. Dailey,* 53 Ohio St.3d 88, 91, 559 N.E.2d 459 (1990).

{¶36} We thus overrule appellant's two assignments of error and affirm the trial court's decision granting the motion to suppress.

## CONCLUSION

{¶37} Appellant's two assignments of error are overruled and the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.